# JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 21-273 JGB (KKx)** | Date | August 12, 2021 |
|---|---|---|---|
| Title | ***Karen Milton v. Costco Wholesale Corporation et al*** | | |

| Present: The Honorable | JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE |
|---|---|

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:    Order (1) GRANTING Plaintiff's Motion for Leave to Amend (Dkt. No. 17); (2) REMANDING to the Superior Court of the County of San Bernardino; and (3) VACATING the August 16, 2021 Hearing (IN CHAMBERS)**

Before the Court is Plaintiff's Motion for Leave to File a First Amended Complaint and Remand. ("Motion," Dkt. No. 17.)  The Court finds this matter appropriate for resolution without a hearing.  See Fed. R. Civ. P. 78; L.R. 7-15.  After considering the papers filed in support of and in opposition to the matter, the Court GRANTS Plaintiff's Motion and REMANDS this matter back to the Superior Court of the County of San Bernardino.  The August 16, 2021 hearing is VACATED.

## I.      BACKGROUND

On August 3, 2020, Plaintiff filed a Complaint in the Superior Court of the County of San Bernardino.  ("Complaint," Dkt. No. 1-1.)  The Complaint alleges two causes of action: (1) negligence and (2) premises liability.  (See Complaint.)  On November 12, 2020, Defendant filed its Answer to Plaintiff's Complaint in state court. (Dkt. No. 8.)  Defendant Costco Wholesale Corporation ("Costco") removed on February 17, 2021.  ("Notice of Removal," Dkt. No. 1.)

On June 22, 2021, Plaintiff filed this Motion. (See Motion.)  In support of the Motion, Plaintiff filed the Declaration of attorney Fernando D. Vargas.  ("Vargas Declaration," Dkt. No. 17-2.)  Defendant opposed on July 2, 2021.  ("Opposition," Dkt. No. 18.)  Plaintiff replied on July 9, 2021.  ("Reply," Dkt. No. 19.)

## II.      LEGAL STANDARD

---

Rule 15 provides that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a).  The Ninth Circuit has held that "[t]his policy is to be applied with extreme liberality." Eminence Capital, L.L.C. v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003) (quoting Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001)).  Leave to amend is not automatic, however.  The Ninth Circuit considers a motion for leave to amend under five factors: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint. Nunes v. Ashcroft, 375 F.3d 805, 808 (9th Cir. 2004).  "The party opposing amendment bears the burden of showing prejudice, unfair delay, bad faith, or futility of amendment." United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union, AFL–CIO, CLC v. ConocoPhillips Co., 2009 WL 650730, at *2 (C.D. Cal. Mar. 12, 2009) (citing Eminence Capital, 316 F.3d at 1052; DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186–87 (9th Cir. 1987)).

Further, the Ninth Circuit "differentiate[s] between pleadings attempting to amend claims from those seeking to amend parties.  Amendments seeking to add claims are to be granted more freely than amendments adding parties." Union Pac. R. Co. v. Nevada Power Co., 950 F.2d 1429, 1432 (9th Cir. 1991) (emphasis in original).  If a plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, a court may deny joinder, or permit joinder and remand the action to the appropriate state court.  28 U.S.C. § 1447. Amendments which seek to add defendants strictly to destroy diversity may be assessed as being in bad faith. Sorosky v. Burroughs Corp., 826 F.2d 794, 805 (9th Cir. 1987).  However, some courts in the circuit have found that "the permissive amendment under Rule 15(a) does not apply when a plaintiff amends her complaint after removal to add a diversity destroying defendant." Chan v. Bucephalus Alternative Energy Group, LLC, 2009 WL 1108744, at *3 (N.D. Cal. 2009) (citing Bakshi v. Bayer Healthcare, LLC, 2007 WL 123049, at *2 (N.D. Cal. 2007)).  These courts consider the following six factors: "(1) whether the party sought to be joined is needed for just adjudication and would be joined under Federal Rule of Civil Procedure 19(a); (2) whether the statute of limitations would preclude an original action against the new defendants in state court; (3) whether there has been unexplained delay in requesting joinder; (4) whether joinder is intended solely to defeat federal jurisdiction; (5) whether the claims against the new defendant appear valid; and (6) whether denial of joinder will prejudice the plaintiff." See IBC Aviation Servs., Inc. v. Compania Mexicana de Aviacion, S.A. de C.V., 125 F. Supp. 2d 1008, 1011 (N.D. Cal. 2000); Boon v. Allstate Ins. Co., 299 F.Supp.2d 1016, 1020 (C.D. Cal. 2002).

## III.   DISCUSSION

Plaintiff's case is a slip and fall; she seeks to add new Defendant Lizbeth Gatton ("Gatton"), a manager at the Costco where Plaintiff sustained injuries.  (Motion 1-3; Dkt. No. 17-3.)  Costco objects, arguing Plaintiff's Motion is an improper attempt to defeat diversity jurisdiction and fails to meet Rule 15(a).  (Opposition 1, 12.)  The Court finds that Costco has not shown bad faith, unfair delay, sufficient prejudice, or futility of amendment to justify departure from the permissive default that parties be allowed amendment.  Plaintiff has not previously amended her Complaint and meets Rule 15(a).  Leave to amend is therefore granted.

## A.  Bad Faith

Costco asserts that Plaintiff's request to amend is in bad faith.  (Id. at 10.)  It argues that Plaintiff's Motion is "a sham to destroy diversity" because "Plaintiff did not seek to name [Gatton] as a defendant until after Costco removed this matter.  (Id.)  Plaintiff contends her reason for this Motion is to permit adjudication against all possible liable parties, and her desire to add Gatton as a party was evidence before this case was removed. (Reply 3-4.)  Plaintiff argues having no access to Gatton's name until June 10, 2021—after this case was removed.  (Vargas Declaration ¶ 6.)  Plaintiff's Complaint alleges causes of action which may legitimately be brought against managerial employees of Costco with responsibility for cleaning and store maintenance.  (Complaint ¶ 19-24.)  Accordingly, this factor favors granting leave to amend.

## B.  Unfair Delay and Prejudice

Costco argues that Plaintiff has unduly delayed in requesting amendment, as "Plaintiff offers no logical explanation for her delay in naming" Gatton.  (Opposition 9.)  Plaintiff contends she only learned of Gatton's true name through Defense counsel "after the case was removed." (Reply 2.)  She argues had Costco not removed this case, she would have "named [Gatton] in the Complaint or amended the Complaint earlier." (Id.)  Instead, Plaintiff pleaded causes of action for negligence against Doe Defendants.  (Complaint ¶ 19.)  Plaintiff's lack of access to Gatton's name before June 2021 does not establish undue delay.  The Court also finds neither party would be prejudiced by litigation in state court.  This factor favors granting leave to amend.

## C.  Futility of Amendment

Amendment does not appear to be futile.  Costco argues the Court should deny the Motion because it is liable for its employees' actions under the doctrine of respondent superior. (Opposition 9.)  Plaintiff alleges that Gatton had a duty to "maintain, control, and manage the shopping area from the premises . . . free from dangerous conditions." (Complaint ¶ 24.) Plaintiff's Motion also argues Gatton was charged with conducting employee "training" at the Costco where Plaintiff suffered injuries.  (Motion 2.)  Plaintiff is entitled to bring suit against Gatton to determine whether Gatton may be held liable for her injuries.

## D.  Statute of Limitations

Costco argues that Plaintiff's request to add Gatton is barred by the statute of limitations, which expired on August 11, 2020.  (Opposition 9.)  Plaintiff contends that because the statute of limitations has lapsed, denying the Motion will deprive her "from pursuing an action" against Gatton and Costco does not challenge the latter.  (Reply 2.)  However, Plaintiff's original Complaint was filed before the statute of limitations expired.  (See Complaint.)  And an amendment to a pleading "relates back" to the date of the original pleading when the amendment asserts a claim arising out of the conduct, transaction, or occurrence set out in the original pleading, or when the amendment changes the naming of the party against whom a claim

is asserted.  <u>See</u> Fed. R. Civ. P.15(c).  Plaintiff's amendment relates back to the transaction or occurrence in her original Complaint and adds Gatton in place of a Doe Defendant.  She is not barred by the statute of limitations here.  This factor favors amendment.

**E.  Previous Amendment**

      Plaintiff has not previously amended her complaint.  This factor also favors amendment.

**E.  Remand**

      With the addition of Gatton, a California citizen, this Court loses its subject matter jurisdiction.  Accordingly, this case must be remanded to the Superior Court of the County of San Bernardino.

**F.  Necessary Parties Under Rule 19(a)**

      The Court finds that Gatton is a necessary party under Rule 19(a).  A "necessary party" under Rule 19 is one "having an interest in the controversy, and who ought to be made [a] part[y], in order that the court may act on that rule which requires it to decide and finally determine the entire controversy, and do complete justice, by adjusting all the rights involved in it."  <u>See</u> <u>CP Nat'l Corp. v. Bonnerville Power Admin.</u>, 928 F.3d 805, 912 (9th Cir. 1991) (citation omitted.)  The Ninth Circuit explains such a rule requires joinder of a party when "complete relief" cannot be accorded without such joinder or, when disposing of the action without the joined party may (i) impeded that person's ability to protect their interest or (ii) leave an existing party at risk of incurring multiple or inconsistent obligations.  <u>See</u> Fed. R. Civ. Pro. 19(a); <u>Northrop Corp. v. McDonnell Douglas Corp.</u>, 705 F.2d 1030, 1043 (9th Cir. 1983).

      Here, Gatton was the manager of Costco and ultimately responsible for contributing to the injuries sustained by Plaintiff.  The Court finds that Plaintiff would not be able to obtain complete relief in Gatton's absence. This factor favors amendment.

      Accordingly, the Court GRANTS the Motion.

## IV.      CONCLUSION

      Plaintiff's Motion is GRANTED; the case is REMANDED back to the Superior Court of the County of San Bernardino.  The August 16, 2021 hearing is VACATED.

**IT IS SO ORDERED.**